J. D. O'NEAL v. HENRY SEIM & CO.

(Filed 6 March, 1912.)

**Vendor and Vendee—Breach of Contract—Principal and Agent— Notice—Measure of Damages.**

*Held*, in this case, the knowledge of the agent of the defendant of the purposes for which certain glass had been purchased by the plaintiff was sufficient notice to the defendant that plaintiff would sustain damages of the character claimed upon the defendant's breach of his contract of shipment.

APPEAL by plaintiff from *Cline, J.,* at October Term, 1911, of BEAUFORT.

This is an action to recover special damages for breach of contract in the shipment of certain plate-glass.

The plaintiff offered evidence tending to prove a breach of the contract, and that he was damaged thereby, but at the conclusion of the evidence his Honor held that there was no evidence of notice to the defendant of the purpose for which the glass was ordered, or of the damages claimed, and directed the jury to answer the issue as to damages "Five cents," and the plaintiff excepted. Judgment for plaintiff for five cents and costs, and the plaintiff appealed.

*Rodman & Rodman for plaintiff.*
*Ward & Grimes for defendant.*

PER CURIAM. Upon an examination of the record we are of opinion that there is evidence which entitles the plaintiff to have his case considered by a jury.

It is in evidence that W. G. O'Neal, on 18 April, 1908, ordered for the plaintiff, from the defendant, 33 plate-glass mirrors 20 x 36, A plate, 30 division bars, 1 A plate-glass, 66 x 78, to be shipped at once, and notified the defendant in the order that the mirrors were for the side walls of a restaurant; that the plaintiff was a contractor in Washington, N. C., and was fitting up the restaurant under contract, and that by reason of the breach of the contract by the defendant he and at least one employee, to whom he paid wages, remained idle fifteen or twenty days.

W. G. O'Neal was a brother of the plaintiff, and there is evidence that he knew of the facts recited, and that he represented the defendant at Washington.

There must be a new trial.

New trial.